IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin E. Murray, ) | C/A No. 0:09-3226-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Marvin E. Murray ("Murray"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

In January 2005 Murray applied for DIB. Murray's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on August 13, 2007, at which Murray, who was represented by counsel, appeared and testified. Thereafter, a consultative evaluation was performed, ans a second hearing was held on July 15, 2008. The ALJ, after hearing the testimony of a second vocational expert, issued a decision on August 22, 2008 denying benefits and concluding that Murray was not disabled. (Tr. 13-20.)

Murray was born in 1963 and was forty-five years old at the time of the ALJ's decision. He has a high school education and vocational training as an automobile mechanic, and past work

experience as a machine set-up operator and tire technician. (Tr. 85.) Murray alleges disability since

December 31, 2004.[1]

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since December 31, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. The claimant has the following severe impairment: diabetes, obesity, history of pancreatitis (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he can only occasionally climb ramps and stairs, and can never climb ladders, ropes, and scaffolds. He can occasionally stoop, and frequently perform all other postural activities. He mst avoid concentrated exposure to hazards such as dangerous machinery and heights.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born on [redacted], 1963, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has

---

[1] Murray's original DIB application alleged a May 30, 2004 onset date—the date that he was laid off from his employment, but this date was later amended by counsel during the second hearing before the ALJ to December 31, 2004—the date Murray believes that his unemployment compensation benefits expired. (Tr. 196.)



transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 30, 2004 through the date of this decision (20 CFR 404.1520(g)).

(Tr. 15-19.)

Murray filed a request for Appeals Council review which was denied, making the decision of the ALJ the final action of the Commissioner. (Tr. 5-8.) Murray filed this action on December 16, 2009.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and



(5) whether the claimant's impairments prevent him from doing any other kind of work. 20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d

at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775 (4th Cir. 1973).

## ISSUES

Murray raises the following issues for this judicial review:

1. Did the Commissioner apply an incorrect legal standard by disregarding Mr. Murray's testimony without setting forth any reasons for disregarding it?

2. Does substantial evidence support the Commissioner's conclusions regarding Mr. Murray's functional capacities when they are inconsistent with opinion evidence from Mr. Murray's treating physician, Dr. Richard Ruffing?

(Pl.'s Br.,  ECF No. 10 at 1.)

## DISCUSSION

### A. Murray's Credibility

The United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process."  Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  In this matter only the second step is at issue,[2] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain[] and the extent to which it affects her ability to work."  Id. at 595.

At issue is whether the ALJ properly evaluated Murray's subjective complaints regarding the intensity and persistence of his pain and the extent to which they affect his ability to work.  See

---

[2] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."  Craig, 76 F.3d at 594 (internal quotation omitted).



Craig, 76 F.3d at 594. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints of pain itself or its severity "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [he] suffers." Id. Further, "[i]n analyzing a claimant's subjective complaints, such as pain, an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

In this case, the ALJ acknowledged that Murray testified that he was unable to work due to worsening diabetes, lower back, and knee problems; that he had been hospitalized many times secondary to diabetes; that he was not able to control his diabetes; and that he always used a cane for balance when walking. (Tr. 16.) The ALJ next discussed the objective medical evidence including the RFC assessment prepared by Murray's treating physician, Dr. Richard Ruffing, and

*PJG*

the evaluation by a consultative orthopedic examiner, Dr. Thomas G. Fleischer. (Tr. 17.) The ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below." (Id.) However, the ALJ's subsequent discussion of Murray's residual functional capacity ("RFC") and the weight given to the opinions of Dr. Ruffing and Dr. Fleischer states only that "there are good reasons for questioning the reliability of the claimant's subjective complaints." (Tr. 18.) This conclusion, without more, fails to comply with the specificity requirements of SSR 96-7p. See Makinson v. Astrue, 586 F. Supp. 2d 491, 496 (D.S.C. 2008) (order awarding attorney's fees) (discussing the court's final order which remanded the matter partly due to the insufficiency of the ALJ's credibility analysis); Adams v. Barnhart, 445 F. Supp. 2d 593 (D.S.C. 2006) (order awarding attorney's fees) (discussing court's final order which found that the ALJ did not perform a sufficient credibility determination when the ALJ did not set forth any specific reasons for finding Plaintiff's allegations not totally credible); see also Hammond v. Heckler, 765 F.2d 424 (4th Cir. 1985) (stating that an ALJ's credibility determination should "refer specifically to the evidence informing the ALJ's conclusion"). While the Commissioner attempts to provide the court with evidence that would support the ALJ's conclusion, such *post hoc* rationalization is generally prohibited. See Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); Steel v. Barnhart, 290 F.3d 936 (7th Cir. 2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the

reasons supplied by the ALJ."). Accordingly, the court is compelled to conclude that the ALJ's conclusion did not comport with the requirements of SSR 96-7p. Remand is therefore warranted on this issue.

**B.     Dr. Ruffing**

Murray next argues that the ALJ's conclusion that the treating physician's opinion was entitled to less weight was not supported by substantial evidence. One of the reasons offered by the ALJ in assigning less weight to Dr. Ruffing's opinion was the fact that it "relie[d] quite heavily on the claimant's subjective reports of complaints." (Tr. 18.) In light of the court's recommendation regarding the ALJ's determination of Murray's credibility, the court further recommends that the treating physician's opinion be re-examined if necessary on remand as well.

## RECOMMENDATION

The ALJ's determination with regard to Murray's credibility fails to comply with the requirements of SSR 96-7p. Additionally, this determination was used to afford less weight to the treating physician's opinion. Therefore, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).