IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin E. Murray, ) | Civil Action No. 0:09-cv-3226-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). This matter is currently before the Court for review of the Report and Recommendation of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. §§ 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, et seq., D.S.C. The Magistrate Judge has recommended the Commissioner's decision be reversed and remanded because of the failure to set forth specific reasons for findings regarding the Claimant's credibility under the standards set forth in SSR 96-7p and the failure of the Commissioner to set forth specific reasons for the weight given to the opinions of the Claimant's treating physician. The Commissioner timely filed objections to the Magistrate Judge's Report and Recommendation. As a result, this Court has conducted a *de novo* review of the Record and for reasons set forth below, the Commissioner's decision is reversed and remanded.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

-1-

Court. *Mathews v. Weber*, 423 U.S. 261, 273 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection has been made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The role of the Federal Judiciary in the administrative scheme established by the Social Security Act ( "Act") is a limited one. Section 205(g) of the act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...". 42 U.S.C. § 405(g). "Substantial evidence has been defined as more than a scintilla, but less than a preponderance." *Thomas v. Celebreeze*, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F. 2d 1157 (4th Cir. 1971). The Court must uphold the Commissioner's decision so long as it is supported by substantial evidence and made in accord with controlling law. *Blalock v. Richardson*, 483 F. 2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F. 2d 278, 279 (4th Cir. 1969).

The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F. 2d 514, 517 (4th Cir. 1987). When passing upon the credibility of a claimant regarding complaints of certain symptoms, the Administrative Law Judge ("ALJ") cannot simply make a conclusory finding that the claimant's statements are not credible. SSR 96-7p. "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be

sufficiently specific to make clear...the reasons for that weight." *Id.* Further, in assessing the opinions of a claimant's treating physician, "generally...more weight" is given to "treating sources since these sources are likely to be the medical professionals most able to provide the detailed, longitudinal picture" of their patient's medical impairments and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations...". 20 CFR 404.1527(d)(2). Should the Commissioner give less than controlling weight to the claimant's treating physician, "good reasons" must be set forth for the weight given the treating physician's opinion. *Id.*

## BACKGROUND

Plaintiff applied for DIB in January 2005. After his initial application was denied, he sought review and had an initial hearing before an ALJ on August 13, 2007 and a second hearing on July 15, 2008. The ALJ issued a decision on August 22, 2008 denying Plaintiff benefits and concluding that he was not disabled. Plaintiff thereafter sought review in this Court and had the matter initially heard by the Magistrate Judge, who issued her opinion on November 30, 2010, recommending reversal and remand.

Plaintiff was born in 1963 and was 45 years of age at the time of the ALJ's decision. He has not engaged in gainful employment since December 31, 2004. Plaintiff has a long history of uncontrolled diabetes despite maximum medical therapy, which has produced a broad range of symptoms including fatigue, chronic and severe infections, dizziness, and extremity pain and numbness. (Tr. 125, 207-213). He has had multiple hospitalizations related to his diabetes and dozens of office visits with his treating family physician, Dr. Richard Ruffing, concerning complications of his diabetes, primarily poorly healing back infections. (Tr. 135-158, 170). The back

infections have persisted for months at a time, frequently recur and have been variously described in the medical record as "foul smelling", "purulent", "draining" and "not healing". (Tr. 137, 138, 141, 144, 157). The record reveals more than 40 office visits by Plaintiff with Dr. Ruffing to treat his poorly healing back infections, which Dr. Ruffing attributed most probably to be related to Plaintiff's diabetes. (Tr. 135-158, 170).

Plaintiff testified before the ALJ that his severe diabetic condition was his "worst problem." (Tr. 207). He described his uncontrolled diabetes making him feel "run down", "light-headed" and "nauseous", the latter resulting in frequent vomiting. (Tr. 207-11). He testified that rapidly changing blood sugar levels can leave him in "some kind of daze." (Tr. 209) Plaintiff also complained of pain in his lower back, knees and feet. (211, 213, 214, 228).

In completing Diabetes Mellitus Residual Functional Capacity Questionnaires, Dr. Ruffing identified Plaintiff's symptoms to include fatigue, infections, excessive thirst, general malaise, muscle weakness, extremity pain and numbness, dizziness and frequency of urination. (Tr. 125, 164). Additionally, Dr. Ruffing's medical records reveal problems with morbid obesity (385 pounds), back pain and degenerative changes and pain in Plaintiff's hands, knees and feet. (133, 134, 143, 145, 150, 170, 182). Dr. Ruffing estimated that Plaintiff's impairments would result in frequent absences from work, exceeding four per month. (Tr. 127, 167). Dr. Ruffing further indicated that Plaintiff had significant limitations in exertion and mobility. He stated that Plaintiff could not walk less than one block without rest or severe pain, could not stand more than 20 minutes at one time and only rarely lift less than 10 pounds. (Tr. 165, 166).

Plaintiff was evaluated by a consultive examiner, Dr. Thomas G. Fleischer, who is an orthopaedist. He found Plaintiff "without significant evidence of orthopaedic pathology" and

concluded "he can certainly function in the workplace." (Tr. 172). Dr. Fleischer, who appears from the record to have evaluated Plaintiff on a single occasion, concluded that the claimant could lift and carry up to 100 pounds and could frequently climb stairs, stoop and crouch. (Tr. 174, 177). Dr. Fleischer documented no assessment of Plaintiff's diabetic condition or the myriad symptoms and impairments associated by Dr. Ruffing with the diabetes. No other medical evidence was offered, except from Dr. Ruffing, which evaluated Plaintiff's diabetic history, condition or symptoms or the likely effect upon the Claimant's ability to perform job duties.

The ALJ found that Plaintiff had a combination of severe impairments, including diabetes and obesity, and that these impairments "could reasonably be expected to produce the alleged symptoms." (Tr. 16, 17). The ALJ found, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment...". (Tr. 17). The ALJ further concluded that he gave "less weight" to Dr. Ruffing, the treating physician, in part, because he "relies quite heavily on the claimant's subjective report of complaints where there are good reasons for questioning the reliability of the claimant's subjective complaints." The ALJ referenced Dr. Ruffing's findings on Plaintiff's exertional abilities and stated that the opinions are "not supported by his own findings or treating notes." (Tr. 18). The ALJ did not, however, address the weight given Dr. Ruffing's opinions regarding Plaintiff's diabetic condition and its impact upon the patient's ability to perform work. Upon the completion of the administrative review process, the ALJ decision became the decision of the Commissioner. Plaintiff timely sought review of the Commissioner's decision with this Court.

## DISCUSSION

**A. Failure to set forth specific reasons for the finding on the claimant's credibility:**

When evaluating a claimants complaints of pain or other symptoms, the Commissioner must undertake a two step process. First, there must be objective medical evidence showing the existence of impairments "which could reasonably be expected to produce the symptoms alleged.." 20 C.F.R. §416.929(b). Second, once the claimant establishes that the proven medical condition could produce the symptoms alleged, the Commissioner must evaluate the "intensity and persistence" of the symptoms and how it affects the claimant's ability to work. 20 C.F.R. §416.929(c). This can be demonstrated by various types of evidence, which can include the subjective statements of the claimant. Where the claimant's credibility is at issue regarding subjective complaints of symptoms, it is not sufficient for the ALJ to make conclusory statements, such as "the allegations...are not credible." SSR 96-7p. Any determination of the claimant's credibility must contain "specific reasons...supported by the evidence in the case record, and must be sufficiently specific to make clear...the reasons for that weight." *Id.*

The ALJ here found that while Plaintiff's medical conditions could produce the symptoms alleged by the claimant, his "statements concerning the intensity, persistence and limiting effects" of his symptoms were "not credible to the extent they are inconsistent with the residual functional capacity assessment...". (Tr. 17). The Magistrate Judge found this conclusory statement "without more, fails to comply with the specificity requirements of SSR 96-7p." (Dkt. Entry 17, p. 7). The language used by the ALJ is certainly obscure and lacks "specific reasons" mandated by SSR 96-7p that make clear the basis in the record for finding the Plaintiff not credible. Therefore, the Court affirms the finding of the Magistrate Judge that the case must be reversed and remanded for the

Commissioner to make sufficient findings regarding Plaintiff's credibility.

**B. Failure to appropriately weigh the testimony of the treating physician:**

The opinions of treating physicians are generally given "more weight" and are actually given "controlling weight" where there is well supported evidence in the record and the absence of other substantial evidence that is inconsistent. 20 C.F.R. § 404.1527(d)(2). Where the opinions of the treating physician is given less weight, the Commissioner must set forth "good reasons" for the weight given the treater's opinions. *Id.*

The ALJ found Dr. Ruffing's opinions were given "less weight", in part, because he relied "quite heavily on the claimant's subjective reports of complaints where there are good reasons for questioning the reliability of the claimant's subjective complaints." (Tr. 18). The Magistrate Judge found this language suffering from a infirmity similar to that found in the finding of credibility regarding the claimant and recommended reversal and remand. (Dkt. Entry 17 at 8). This statement regarding the opinion testimony of Dr. Ruffing is conclusory and obscure and fails to satisfy the specificity requirements of "good reasons" mandated by the regulation. Therefore, the Court reverses and remands the Commissioner's decision to make sufficient findings regarding the weight given the treating physician's opinions.

The Court further notes that on remand the Commissioner should evaluate the full scope of Dr. Ruffing's opinions regarding Plaintiff's multiple medical impairments and assess their impact on the Claimant's ability to perform work. Most of Dr. Ruffing's medical treatment related to the management of Plaintiff's poorly controlled diabetes and the multiple symptoms associated with the debilitating effect of this disease. He treated Plaintiff repeatedly for chronic non-healing infections and peripheral pain and numbness, all conditions associated with advance diabetes. (Tr. 125,135-

158, 170). Dr. Ruffing stated that because of Plaintiff's impairments he would be absent from work more than four days per month, which, if true, would certainly affect his ability to hold any employment. (Tr. 127, 167). Plaintiff testified that his diabetes was his "biggest" and "worst" problem" and produced fatigue, light-headedness and nausea. (Tr. 207-11). The testimony of Dr. Fleischer and the vocational expert dealt with orthopaedic and exertional issues and did not address Plaintiff's diabetes. (Tr. 172-179, 231-54). Under the standards set forth in 20 C.F.R. § 416.1527(d)(1), there should be a careful examination on remand of Dr. Ruffing's opinions, voluminous office notes and other records regarding the patient's diabetes and related impairments to determine both the proper weight to be given to the treater's opinions and whether such opinions are entitled, at least on the effects of the diabetes, to controlling weight. It is also necessary on remand for the Commissioner to evaluate how the claimant's diabetes and associated impairments affect his ability to perform work. 20 C.F.R. § 404.1545.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 20, 2010
Charleston, South Carolina

-8-